**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4721**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

COVONTI KWA MOSES,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:06-cr-00331-LCB-1)

_____

Submitted:  September 12, 2024           Decided:  September 16, 2024

_____

Before THACKER and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Rebecca A. Olla, LAW OFFICE OF REBECCA A. OLLA, Durham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Covonti Kwa Moses appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Counsel for Moses has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no nonfrivolous grounds for appeal but questioning whether the district court abused its discretion in revoking Moses' supervised release and whether the imposed sentence is plainly unreasonable. Although informed of his right to file a pro se supplemental brief, Moses has not done so. We affirm.

To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). We "review[] a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and unpreserved challenges for plain error. *Dennison*, 925 F.3d at 190. Upon review of the record, we discern no error in the district court's decision to revoke Moses' term of supervised release.

Regarding the selected 24-month sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first determine "whether the sentence is unreasonable at all." *Id*. (internal quotation marks omitted).

2

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id*. at 297 (internal quotation marks omitted), and the explanation indicates "that the court considered any potentially meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range is presumed substantively reasonable. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

We conclude that Moses' revocation sentence is both procedurally and substantively reasonable. The district court correctly calculated the applicable policy statement range of 18-24 months, considered the relevant statutory factors, addressed Moses' arguments for a lesser sentence, imposed a sentence within the statutory maximum, and offered sufficiently detailed reasons for its decision. We also conclude that there is no basis to rebut the presumption of substantive reasonableness accorded Moses' within-policy-statement-range sentence.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moses, in writing, of the right to petition the Supreme Court of the United States for further review. If Moses requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moses.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*